

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Fred Erisman
Criminal District Attorney
Longview, Texas

Dear Sir:                       Attention: Mr. Ralph Prince

Opinion No. O-2705
Re: Degree of relationship be-
tween city commissioner and
prospective appointee to
office of city health doctor,
such as being married to
sisters.

You ask, in your letter of August 30, 1940, the
opinion of this Department upon the following question:

"May a person be appointed to the office
of City Health Doctor whose relationship by af-
finity to one of the City Commissioners is as
follows: The Commissioner and the prospective
appointee are married to sisters."

The principles involved in the determination of
this question are discussed at length in our opinion No.
O-2225, copy of which is attached hereto. In computing
the relationship by consanguinity, the method is to dis-
cover the common ancestor and count down the longest line
from him, each generation removed from the common ancestor
constituting a degree. The common ancestors of the two
sisters involved in your question are, of course, their
parents; the sisters are one generation removed from their
common ancestors, so that their relationship is by consan-
guinity in the first degree.

As to the relationship by affinity, the rule is
that the husband stands in the same degree of relationship
to the blood relatives of the wife, by affinity, as does
the wife by consanguinity. Thus each of the males involved
is related to the wife's sister in the first degree by
affinity.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY

Honorable Fred Erisman, Page 2

Each of the principles above enunciated were discussed in opinion No. 0-2225, with reference to authorities. The more serious question involved was likewise decided in that opinion: whether, admitting their relationship to the blood relatives of their respective wives by affinity, the two husbands were related to each other by affinity. Though recognizing an apparent conflict between our courts of civil and our courts of criminal jurisdiction, the one following the majority rule holding that the two husbands are not related, the other adopting the minority rule that the husbands are related to each other by affinity within the same degree that each bears to the sister of his wife, we felt constrained, because the enforcement of our nepotism law is committed to our courts of criminal jurisdiction, to announce that the rule adopted by the Court of Criminal Appeals in the Stringfellow case, referred to in opinion No. 0-2225, governs.

We adhere to the views expressed in that opinion. You are therefore advised that the City Commissioner and the prospective appointee are related to each other within the first degree by affinity. Article 432 and Article 433, of our Penal Code, therefore, prohibits the appointment.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

R. W. Fairchild
Assistant

RWF:LM

ENCLOSURE

APPROVEDSEP 9, 1940

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN